# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY R. JOSEPH, | : | Civil No. 1:23-CV-0061 |
| Petitioner, | : | |
| v. | : | |
| TIM BETTI, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

In January of 2023, Stanley R. Joseph ("Petitioner"), currently confined at the State Correctional Institute in Somerset, Pennsylvania ("SCI-Somerset"), filed a petition for writ for habeas corpus pursuant to 28 U.S.C. § 2241 with this court.[1] (Doc. 1.) Petitioner is seeking release from the custody of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") because he alleges that the removal period has expired and he continues to be detained in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.*) However, Petitioner is currently confined at a Pennsylvania Department of Corrections ("DOC") facility for the underlying state criminal convictions of corruption of minors and indecent assault of an unconscious person. (Doc. 10-1.) Because Petitioner is still detained

---

[1] This petition was docketed as a 28 U.S.C. § 2254 action because Petitioner is currently housed in a state facility. However, the Clerk's Office will be instructed to amend the cause of action on the docket to reflect that this petition is, in fact, filed pursuant to Section 2241.

1

on state criminal charges not related to his removal, his petition is premature and will be dismissed without prejudice.

Petitioner has also filed a motion for summary judgment. (Doc. 17.) Because the petition will be dismissed as premature, the motion will be denied as moot.

## BACKGROUND

Petitioner is a citizen of Haiti. (Doc. 2, p. 1.)[2] On May 25, 2021, the Department of Homeland Security initiated removal proceedings against Petitioner and detained him at the Pike County Jail in Lords Valley, Pennsylvania. (Doc. 2, p. 2.) On July 8, 2021, a final order of removal was issued against Petitioner. (Doc. 2, p. 2; Doc. 7-4.) On August 25, 2021, Petitioner was transferred to the Lackawanna County Prison pursuant to a writ of habeas corpus ad prosequendum for a scheduled preliminary hearing for pending criminal charges in the Commonwealth of Pennsylvania. (Doc. 2, p. 2; Doc. 7-3; Doc. 17-2.)

At the time this petition was filed, Petitioner was being held at the Lackawanna County Prison as a pretrial detainee facing multiple state criminal charges. (Doc. 1, p. 1.) On February 6, 2023, Petitioner entered a guilty plea and was convicted of corruption of minors and indecent assault of an unconscious person on May 24, 2023. (Doc. 10-1.) He was sentenced to a minimum of twelve

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

months and a maximum of 24 months on both counts. (*Id.*) Petitioner is currently incarcerated at SCI-Somerset. (Doc. 16.)

Petitioner initiated this action in January of 2023. (Doc. 1.) The court entered an order serving the Respondent on January 17, 2023. (Doc. 5.) On February 2, 2023, the Respondent filed a response. (Doc. 7.) Petitioner filed a traverse on February 14, 2023. (Doc. 8.) On July 13, 2023, Respondent filed a letter updating the court concerning Petitioner's conviction and sentence on the underlying state criminal charges. (Doc. 10.) On August 23, 2023, Petitioner filed a response to Respondent's update alleging that he is only on loan to the DOC and still in the custody of the ICE. (Doc. 15.) On May 20, 2024, Petitioner filed a motion for summary judgment. (Doc. 17.) The court will now address the pending petition.

## VENUE

A § 2241 petition must be filed in the district where the petitioner is in custody. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") While Petitioner is currently being held at a DOC facility in the Western District of Pennsylvania, at the time the petition was filed, Petitioner was

in the primary custody of the United States[3] and confined at Lackawanna County Prison, which is located in this district. *See* 28 U.S.C. § 118(b).  The relevant consideration is the district of confinement at the time the petition was filed. *See Barden v. Keohane*, 921 F.2d 476, 477 n.1 (3d Cir. 1990).  Therefore, this court is the proper venue for the action.

### STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3).

Section 1231(a) of Title 8 of the United States Code "governs the detention, release, and removal of individuals 'ordered removed.'" *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022).  Section 1231(a)(1)(A) provides that, following entry of a final order of removal, the United States generally must effectuate the noncitizen's removal during a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A).  Detention is mandatory during this first 90 days. *Id.* § 1231(a)(2) ("During the removal period, the Attorney General *shall* detain the alien." (emphasis added)).  Following expiration of the 90-day removal period, certain noncitizens "may" be detained if they fall into one of four distinct categories: "(1) those who are 'inadmissible' on certain specified grounds; (2) those who are

---

[3] *See infra*.

'removable' on certain specified grounds; (3) those [determined] 'to be a risk to the community'; and (4) those [determined] to be 'unlikely to comply with the order of removal.'" *Arteaga-Martinez*, 596 U.S. at 578–79 (quoting 8 U.S.C. § 1231(a)(6)). How long a noncitizen may be detained pursuant to Section 1231(a)(6) following the 90-day removal period has been the subject of considerable litigation.

In *Zadvydas*, the Supreme Court held that Section 1231(a)(6) "does not permit indefinite detention," but rather "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. According to *Zadvydas*, a period reasonably necessary to bring about a noncitizen's removal from the United States is presumptively six months. *Id.* at 701.

Thus, noncitizens detained under Section 1231(a)(6) past the six-month presumptively-constitutional period may bring a due process challenge to their continued detention should that detention become prolonged and potentially unlawful. *See Zadvydas*, 533 U.S. at 699–701. If the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release the [noncitizen]." *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (internal quotation marks omitted) (citing *Zadvydas*, 533 U.S. at 701); see also 8 C.F.R. §§ 241.4, 241.13 (establishing agency procedures for determining whether noncitizens

detained under 1231(a) past 90-day removal period should be released on supervision or remain in detention).

## DISCUSSION

Petitioner seeks release from custody by arguing that he is still in the custody of ICE, his removal period has expired, and his "presumptively constitutional period" has also expired. (Doc. 2, p. 3.) Petitioner premises his argument on the assertion that the writ of habeas corpus ad prosequendum was a custodial loan and, while he his physically housed in a DOC facility, he is still in the custody of ICE. (Doc. 15.) Thus, he argues that all the time he has spent incarcerated at a state facility is equivalent to being held in an immigration detention center awaiting removal and he is entitled to release pursuant to *Zadvydas*. (*Id*.)

Petitioner is accurate that he is still in the custody of the United States. The sovereign which first arrests a defendant has primary jurisdiction over him. *Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. Apr. 4, 1996). The sovereign with priority of jurisdiction retains custody of the defendant, even though the defendant was temporarily transferred to the requesting sovereign's Prison pursuant to the writ. *See Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 1998); *Chambers*, 920 F. Supp. at 622. Thus, since the United States was the arresting sovereign, it has primary jurisdiction over Petitioner and retains custody.

However, the question before the court is not a matter of custody, but rather whether or not Petitioner's "removal period" has even begun, thus triggering the due process concerns addressed in *Zadvydas*.

The "removal period" starts on the latest of the following: (1) the date when the order of removal becomes administratively final (that is, appeal to BIA was either taken and ruled upon or the time to appeal expired); or (2) if the removal order is judicially reviewed and if a court orders a stay of the removal, the date of the court's final order, or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from confinement. *See* 8 U.S.C. § 1231(a)(1)(B).

If, during the period of removal triggered by the then-latest of the three above-listed events applicable to a particular alien, the alien is subjected to a qualifying superseding event, i.e. the alien released from confinement related to a criminal offense files an application seeking judicial review of the alien's removal order, or if this alien is detained/confined on a new charge or on parole revocation and then re-released, such superseding event starts the alien's removal period anew. *See* 8 U.S.C. § 1231(a)(1)(B). This court has previously explicitly held that there can be multiple removal periods:

> [There cannot] be ["]only one["] removal period [:] ... that is the only rational reading of the statute. . . . [T]he statute provides that the removal period begins on the latest of several dates. The passing of one date does not stop the operation of the statute. In a sense, the only way

> to apply the statute to a given situation is retrospectively. That is, the removal period begins when the removal order becomes final. If a court issues a stay [or a new detention unrelated to removal proceedings takes place], the removal period begins [anew] when the stay is lifted [or when such new detention ends]. Therefore, the only way to determine when the removal period begins, or began, is to look at what events already have occurred. If there is another potential event, there is another potential beginning date for the removal period. The only sensible reading of this provision is that [DHS/ICE] is required to effectuate the removal within 90 days of certain events, but will have another 90 days if another one of the designated events occurs at a later date. The obvious reason for this is that [DHS/ICE]'s authority to effect the removal is suspended due to the occurrence of the later event (such as a stay order [or a new detention on criminal charges]).

*Michel v. INS,* 119 F.Supp.2d 485, 498 (M.D. Pa. 2000).

Here, Petitioner's 90-day removal period arguably began when his order of removal became final on July 8, 2021. (Doc. 7-2.) However, before the completion of this removal period, he was transferred to Lackawanna County Prison on August 25, 2021. (Doc. 7-3.) From August 25, 2021 through the present, Petitioner has been confined on matters other than immigration process. Therefore, Petitioner's removal period was interrupted by a superseding event and has not continued to run. Thus, in accord with *Michel*, the period served from July 8, 2021 to August 25, 2021 cannot be counted towards his 90-days removal period.

Since Petitioner's 90-day period of mandatory detention under Section 1231(a)(1)(A) has not started running, it follows that his six-month "presumptively reasonable period" of detention similarly has not started running. *See Zadvydas,* 533 U.S. at 700–01. These periods will start running only when Petitioner is

released from his incarceration on the underlying charges, either by serving his term in entirety or by being paroled. *See Michel,* 119 F.Supp.2d at 498. Therefore, Petitioner's petition must be dismissed without prejudice to him filing a later writ pursuant to Section 2241 following the conclusion of his presumptively reasonable period of detention.

## CONCLUSION

Accordingly, Petitioner's Section 2241 petition will be dismissed without prejudice. His motion for summary judgment will be denied as moot. The case will be closed.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: July 8, 2024